UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DAVID M. BRADLEY,

     Plaintiff,

V.

LAUREL COUNTY, KY, *et al*.,

     Defendants.

Civil Action No. 6: 22-156-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David M. Bradley is a federal pretrial detainee confined at the Laurel County Detention Center ("LCDC") located in London, Kentucky. Proceeding without an attorney, Bradley has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Laurel County and fourteen individual staff members at the LCDC. [R. 1] Bradley has paid the $402.00 filing and administrative fees in full. [R. 2]

Because Bradley is a prisoner seeking redress from officers and/or employees of a governmental entity, the Court must conduct a preliminary review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a pleading stating a claim for relief to contain "a short and plain statement of the claim" showing entitlement to relief, *see* Fed. R. Civ. P. 8(a)(2), as well as allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). At a minimum, a complaint must advise each defendant of what he allegedly

did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

The Court evaluates Bradley's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Upon initial review, it is apparent that there are multiple significant problems with Bradley's complaint – both procedural and substantive – that make a meaningful review of his claims unduly burdensome. First, Bradley did not file his complaint on the form approved for use by the Court, as is required by the Court's Local Rules. *See* LR 5.3(a)(3). Rather, Bradley has filed a 44-page handwritten complaint consisting of 143 numbered paragraphs asserting fourteen claims against 15 different Defendants. The "Counts" of Bradley's complaint include First Amendment Retaliation (Count One); Deliberate Indifference to Inmate Safety in violation of the Fourteenth Amendment (Count Two); Supervisory Liability (Count Three); Civil Conspiracy (§ 1983) (Count Four); Excessive Force in violation of the Fourteenth Amendment (Count Five); Interference with Attorney-Client Communications in violation of the Fifth and Sixth Amendments (Count Six); First Amendment Right to Receive Mail (Count Seven); Violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq*. ("RLUIPA") (Count Eight); Municipal Liability (Count Nine); Assault (Count Ten); Battery (Count Eleven); Intentional Infliction of Emotional Distress (Count Twelve); Negligent Infliction of Emotional Distress (Count Thirteen); and Conversion (Count Fourteen).

However, the factual allegations supporting each claim – as well as the particular Defendants against whom each claim is alleged – are nearly impossible to discern, as Bradley's complaint sets forth a lengthy and exhaustive narrative relating a multitude of events occurring since Bradley was booked into the LCDC in July 2020.  In addition, with respect to each "Count," Bradley confusingly cross-references a significant number (at times, over 60) of non-consecutive numerical paragraphs of factual allegations upon which each claim is purportedly based.  For example, Bradley indicates that his "Count One-First Amendment Retaliation" claim is based upon numerical paragraphs 14, 15, 17, 19, 20-24, 28, 31, 37-47, 51, 54, 55, 61, 64-65, 69, 71-73, 77-90, 92, and 94-118.  In those 62 paragraphs, Bradley alleges facts related to separate incidents (many unrelated) involving multiple individuals (not all of whom are named as Defendants), including Dustin Boyd, Sgt. "Trautman," Sgt. Hoskins, Officer Billy Howard, Lt. Shawn Davis, Sgt. "Murray," Officer Christian Gross, Officer "King," Lt. Travis Cathers,  Sgt. "Macer," Officer Chris Roark, Jailer Jamie Mosley, Officer "Arthur," Capt. Gary Martin, Officer "Mafras," Officer Sizemore, Officer "Inman," Wanda France, Nurse Tina, Officer "Barks," Nurse Lacy, and Officer "Haddix" occurring between July 7-15, 2020 and on August 13, 2020, August 27, 2020, August 29, 2020, September 3, 2020, September 9, 2020, September 16, 2020, September 23, 2020, October 13, 2020, November 8, 2020, November 9, 2020, November 19, 2020, November 25, 2020, between December 4-17, 2020, March 2021, April 10, 2021, April 12, 2021, October 2021, November 16, 2021, November 22, 2021, December 21, 2021, December 28, 2021, March 8, 2022, March 22, 2022, March 25, 2022, March 30, 2022, June 7, 2022, June 9, 2022, June 13, 2022, June 17, 2022, June 18, 2022, June 19, 2022, June 22, 2022, June 27, 2022, June 30, 2022, June 19, 2022, July 1, 2022, July 3, 2022, and July 5, 2022.

According to Bradley, these incidents include verbal harassment; refusing Bradley laundry service; preventing him from removing garbage from his cell; denying him the ability to speak with a supervisor; preventing him from filing grievances; denying him access to the telephone or internet; ignoring grievances; waking Bradley at 15-minute intervals; denying him use of the Unit's tablet; denying him access to cleaning supplies; preventing him from laundering his allegedly lice-infested clothing and towels; moving him to cells contaminated with blood and other substances while denying him access to cleaning supplies; conducting searches of Bradley's cell, during which his property was destroyed and his legal materials searched; placing Bradley and other inmates on lockdown; shuttering windows to prevent inmates from communicating; disclosing to other inmates that Bradley was a former police officer; restricting access to the telephone, showers, exercise, legal material, religious material, sunlight, and fresh air; theft of Bradley's newspapers; retaliation towards other inmates; cutting a small plastic cross from Bradley's neck; stealing inmate laundry; preventing inmates from assisting with other inmates' legal work; removing a Bible verse from Bradley's window; limiting access to hot water from the Unit's hot water pot; falsely accusing Bradley of having contraband in his cell; accusing Bradley of getting extra food from the kitchen; allowing another inmate to roam the hallway while Bradley was showering; and turning off the air flow in cells while instructing that tray slots that would allow ventilation remain closed.  [R. 1]

Making matters more difficult, many of Bradley's "Counts" are brought against "Defendants" as a group, without making clear the basis of each claim against a particular Defendant.  In contrast, federal notice pleading requires Bradley to articulate what each Defendant did or did not do that forms the basis of each of his claims against that particular Defendant.  *Iqbal*, 556 U.S. at 678.  *See also Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must

state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant."). Thus, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Bringing a First Amendment retaliation claim against "Defendants" as a group based upon over 60 paragraphs of unrelated factual allegations fails to adequately identify what, exactly, any particular Defendant did or did not do in violation of Bradley's constitutional rights.

Moreover, some of the incidents alleged in his complaint do not involve Bradley at all, but rather relate to "retaliation" allegedly experienced by other inmates. However, as a non-attorney, Bradley may only pursue claims on his own behalf; he may not pursue claims seeking to vindicate the rights of others. Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The United States Court of Appeals for the Sixth Circuit has consistently interpreted § 1654 "as prohibiting pro se litigations from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200 (6th Cir. 2018) (collecting cases). *See also Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").[1]

---

[1] The rule against non-lawyer representation applies for good reason, as it "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Olagues*, 908 F.3d 200 (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (2015)). Thus, "while a pro se plaintiff can 'squander' his own rights, he cannot waste the rights of other persons or entities." *Id.*

Adding yet another complication to discerning the factual basis of Bradley's claims, to the extent that Bradley's constitutional claims are based upon allegations of conduct occurring prior to August 2021, it is clear from the face of Bradley's complaint that many – if not all – of these claims are untimely.  The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening.  *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citations omitted).

Claims seeking monetary relief for federal constitutional violations are brought pursuant to 42 U.S.C. § 1983.  Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims asserted under 42 U.S.C. § 1983.  *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013).   Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues.  KRS § 413.140(1)(a).  A cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims.  *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired.  *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)).  *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Paragraphs 8-56 of Bradley's complaint allege various incidents occurring from July 4, 2020 (the date that Bradley was booked into LCDC) through April 12, 2021 (the date that he alleges that Murray and Burns looked through Bradley's legal mail).  [R. 1][2]  Bradley is deemed to have filed his complaint on August 15, 2022 (the date that it was signed).[3]  Thus, by the time that Bradley filed his complaint, the statute of limitations on any constitutional claim arising from the events occurring prior to August 15, 2021 (a year before he filed his complaint) had expired.[4]  Ky. Rev. Stat. § 413.140(1)(a).   Thus, any claims based upon these factual allegations are untimely.

As a result of the combination of these problems, it is unduly difficult – if not impossible – for any of the Defendants to file a meaningful response to Bradley's claims as currently pled. Indeed, neither this Court nor the Defendants "should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th

---

[2] While these allegations relate to a wide variety of incidents, Bradley does not allege any facts suggesting that he was not immediately made aware of his alleged injuries resulting from these incidents.   To the contrary, Bradley alleges that he immediately filed multiple grievances (and received responses) related to these incidents.

[3] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court.  *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters).   Ordinarily, the Court presumes that this occurs on the date the complaint is signed.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  Bradley signed his complaint on August 15, 2022.  [R. 1 at p. 44]

[4] While this may include the events related to the grievance that Bradley filed on August 4, 2021 related to his medication, [R. 1 at ¶ 57], it is not entirely clear from the facts alleged in Bradley's complaint, as the statute of limitations would have been tolled while he was pursuing his administrative remedies with respect to this claim. *See generally Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (when a claimant is required to exhaust such remedies before bringing suit, the limitations period is tolled while he does so, as long as such remedies are pursued diligently and in good faith).

7

Cir. 2003)).  *See also Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D.

Mich. April 25, 2008) ("Neither the Court nor Defendants are obligated to search through the

Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each

claim for relief.  It is Plaintiffs' responsibility to edit and organize their claims and supporting

allegations into a manageable format.").

        While "[t]he federal pleading standard is quite liberal…there is still a standard to meet."

*Kensu*, 5 F.4th at 653.  Thus, the Court has the authority to dismiss a complaint if the plaintiff fails

or refuses to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short

and plain statement" requirement. *Kensu*, 5 F. 4th at 653 ("Persistent or vexatious refusal to follow

the rules," including the pleadings standards of Rule 8, "may warrant dismissal with prejudice.")

(citation omitted).  *See also* Fed. R. Civ. P. 41(b); *Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507,

508-09 (7th Cir. 2001) (affirming dismissal of 116-page complaint pursuant to Rule 8(a)(2));

*Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991); *Mangan v. Weinberger*, 848 F.2d 909,

911 (8th Cir. 1988).  However, rather than dismissing this action at this point, the Court will

provide Bradley with notice that his complaint faces dismissal and afford him an opportunity to

file an amended complaint which complies with the Federal Rules.  *Id*.  This course of action also

allows Bradley to streamline his complaint to address the multiple substantive problems identified

herein, which will help clarify the factual basis of his claims and the Defendants against whom

each claim is asserted.

        If Bradley wishes to proceed with his claims in this action, he must file an amended

complaint that adheres to the pleading requirements of Rule 8, as well as complies with the

guidance provided by this Order.  Specifically, to satisfy Rule 8(a)(2)'s requirement of "a short

and plain statement of the claim showing that the pleader is entitled to relief," Bradley should limit

his statement of facts and claims to the space provided on the complaint form itself, plus no more than 10 continuation pages.  Further, Rule 8(e) requires each averment to be "simple, concise and direct."  Bradley must therefore clearly explain - for each person he names as a defendant - what specific actions by that particular defendant gave rise to a clearly-delineated claim.

To make that task easier – for the parties and the Court alike – Bradley's amended complaint should set forth his factual allegations and legal claims against each defendant in a separate numbered paragraph (which is also required by the Court-approved complaint form) and avoid the confusing cross-references used in his current complaint.  These paragraphs should be used to describe the facts or events giving rise to a claim against a particular defendant, and/or to provide some indication of what statutory or constitutional rights the plaintiff contends were violated.  For example, a viable paragraph under hypothetical facts could allege that "on May 3, 2021, Officer John Doe used excessive force in violation of my right to be free from cruel and unusual punishment under the Eighth Amendment by throwing me to the ground and by applying handcuffs too tightly, causing a loss of circulation."  Bradley must adhere to these guidelines when drafting his amended complaint.

Bradley's amended complaint will entirely replace – not supplement – the original complaint, and it must comply in form and substance to the rules described above.  If it does not, the Court will dismiss this action with prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall mark the assigned case number on a form Civil Rights Complaint [EDKY Form 520] and send it to Bradley.

2. **Within 30 days**, Bradley must file an amended complaint using the form provided that complies with the pleading requirements of Fed. R. Civ. P. 8 and the guidelines

9

set forth herein.  Bradley may also include an attachment, not exceeding 10 double-spaced pages, setting forth additional facts and claims in numbered paragraphs.

3.    Bradley must take these steps **within 30 days** from the date of this Order, or the case will be dismissed with prejudice for failure to prosecute and failure to comply with a Court Order.

This the 7th day of August, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY