UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DAVID M. BRADLEY,

    Plaintiff,

V.

LAUREL COUNTY, KY, *et al.*,

    Defendants.

Civil Action No. 6: 22-156-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff David M. Bradley is a federal prisoner currently confined at the Federal Correctional Institution ("FCI") – Yazoo City Low located in Yazoo City, Mississippi. Proceeding without an attorney, Bradley has filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against Defendants Laurel County, Kentucky, Laurel County Correctional Center ("LCCC") Jailer Jamie Mosley, Captain Gary Martin, Lieutenant Travis Cathers, and Deputy Jailer Chris Roark. [R. 13][1] Because Bradley is a prisoner seeking redress from officers and/or employees of a governmental entity, the Court must conduct a preliminary review of his Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

---

[1] Bradley's original complaint [R. 1] suffered from multiple defects (both substantive and procedural), thus the Court entered an Order advising him of the problems with his complaint and providing him with an opportunity to file an amended complaint. [R. 6] Because Bradley's Amended Complaint does not assert claims against previously-named Defendants Shawn Davis, Sgt. Murray, Sgt. Trautman, Sgt. Hoskins, Officer Billy Howard, Officer Dustin Boyd, Officer Christian Gross, Officer Arthur, Officer Campbell, or Officer Inman, those individuals will be dismissed as Defendants. The Court will direct the Clerk of the Court to update the docket accordingly.

such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a pleading stating a claim for relief to contain "a short and plain statement of the claim" showing entitlement to relief, *see* Fed. R. Civ. P. 8(a)(2), as well as allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). At a minimum, a complaint must advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

The Court evaluates Bradley's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Bradley's Amended Complaint alleges that, after he returned from a court appearance on March 8, 2022, Lieutenant Travis Cathers pointed to a cross necklace that Bradley was wearing and stated, "That necklace is coming off!" [R. 13 at p. 2] Bradley states that his necklace was never deemed contraband; that he possessed it in accordance with LCC policies; and that Cathers himself had allowed Bradley to wear the necklace during his incarceration at LCCC. [*Id*.] Even so, he claims that Cathers ordered Deputy Jailer Chris Roark to place a knife to Bradley's neck and forcibly remove and confiscate the necklace, without giving Bradley an opportunity to remove it himself. [*Id*. at p. 3] Bradley claims that the contact and force used to remove the necklace caused redness, pain, and difficulty swallowing, for which he was assessed by a paramedic and prescribed pain relievers for a number of days. [*Id*.] Bradley further alleges that these actions

2

were the "direct result of a history of verbal complaints and written grievances filed by [Bradley] while housed at LCCC." [*Id*.]

Bradley further alleges that, shortly after the incident, he sent a grievance detailing the incident to Captain Gary Martin (Cathers and Roark's supervisor), who never responded. [*Id*. at p. 3-4] Accordingly to Bradley, Martin failed to supervise or discipline Cathers and Roark, instead allowing and encouraging Cathers to continue to harass and intimidate Bradley in order to dissuade Bradley from utilizing the LCCC grievance procedure. He further alleges that Jailer Jamie Mosley, the final decision-making authority for LCCC who is authorized by Laurel Count to enact policies and establish customs for LCCC's operation, "creates and promotes a clear LCCC custom of tolerance and encouragement of civil rights violations and deliberately fails to institute official policy or procedure to address them." [*Id*. at p. 4] Bradley claims that, despite being repeatedly put on notice of continuing civil rights violations, Mosely and his staff fail to even attempt to remedy them. [*Id*.]

Based upon these allegations, Bradley brings claims against Cathers and Roark for using unreasonable and unlawful force against him to illegally seize his property in violation of his Fourteenth Amendment Due Process rights. [*Id*. at p. 5] [2] He also brings state law tort claims of assault and battery against Cathers and Roark. [*Id*. at p. 6] He further brings a First Amendment claim against Cathers, alleging that Cathers encouraged Roark to use excessive force against Bradley, and intimidated and harassed Bradley, in retaliation for complaints and grievances filed

---

[2] Because Bradley was a pretrial detainee at the time of the incident, his excessive force claims are brought pursuant to the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *See also Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 726–27 (6th Cir. 2022) (citations omitted) (while a claim alleging deliberate indifference by a prison official brought by a convicted prisoner implicates an inmate's rights under the Eighth Amendment, "[t]he Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.") (citations omitted).

3

by Bradley. [*Id*.] With respect to Martin, Bradley alleges that he violated Bradley's Fourteenth Amendment Due Process rights by failing to supervise and discipline staff under his command, as well as by allowing and encouraging continuing civil rights violations. [*Id*.] Bradley claims that Mosley, given authority by Laurel County as the official policy-marker for LCCC, "creates and encourages a custom of retaliation against inmates for engaging in conduct protect by the First Amendment and allowing and encouraging use of unreasonable and excessive physical force against inmates housed in LCCC." [*Id*. at p. 6-7] Finally, he seeks to hold Laurel County responsible for his claims "because its policies or customs caused the deprivation of [Bradley's] civil rights." [*Id*. at p. 6] As relief, Bradley requests a declaration that his rights under the United States Constitution and Kentucky law have been violated, as well as compensatory and punitive damages. [*Id*. at p. 11]

After conducting a preliminary review of Bradley's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court concludes that his allegations are sufficient to warrant a response from Defendants. Because Bradley is a prisoner proceeding without counsel, the United States Marshals Service ("USMS") will serve Defendants with summons and a copy of the Amended Complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, it is hereby **ORDERED** as follows:

1. Because Bradley's Amended Complaint [R. 13] does not assert claims against them, previously-named Defendants Shawn Davis, Sgt. Murray, Sgt. Trautman, Sgt. Hoskins, Officer Billy Howard, Officer Dustin Boyd, Officer Christian Gross, Officer Arthur, Officer Campbell, and Officer Inman are **DISMISSED AS PARTIES**;

2. The Deputy Clerk shall prepare five (5) "Service Packets" for service upon Defendants Laurel County, Kentucky, LCCC Jailer Jamie Mosley, Captain Gary Martin, Lieutenant Travis Cathers, and Deputy Jailer Chris Roark. Each Service Packet shall include:

   a. a completed summons form;

   b. the Amended Complaint [R. 13];

   c. this Order; and

   d. a completed USM Form 285.

3. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

4. The USMS shall serve Defendant Laurel County, Kentucky, by sending duplicate Service Packets **by certified mail, <u>restricted delivery to addressee</u>, return receipt requested** to the following:

   David Westerfield, Laurel County Judge Executive
   101 South Main Street, Suite 320
   London, Kentucky 40741

   J.L. Albright, Laurel County Attorney
   101 South Main Street, Suite 200
   London, Kentucky 40741

5. The USMS shall make arrangements with the appropriate officials at the Laurel County Correctional Center to personally serve Defendants Jailer Jamie Mosley, Captain Gary Martin, Lieutenant Travis Cathers, and Deputy Jailer Chris Roark at the Laurel County Correctional Center, 440 Hammock Rd., London, Kentucky, 40744.

6. Bradley must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

7. If Bradley wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Bradley files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This the 3rd day of November, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY